# EXHIBIT B

**TO THE COMPLAINT**

FILED
TARRANT COUNTY
10/23/2025 6:54 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 352-371410-25 _____

| | | |
|---|---|---|
| STATE OF TEXAS, *Plaintiff,* | § § § § § | IN THE DISTRICT COURT OF |
| v. | § § § § | TARRANT COUNTY, TEXAS |
| JOLT INITIATIVE, INC., *Defendant.* | § § | _____ JUDICIAL DISTRICT |

### STATE'S MOTION FOR LEAVE TO FILE ITS ORIGINAL PETITION AND INFORMATION IN THE NATURE OF *QUO WARRANTO*

COMES NOW, Plaintiff the State of Texas ("State"), and moves this Court for leave to file its Original Petition and Information in the Nature of *Quo Warranto* pursuant to the Texas Election Code and Civil Practice and Remedies Code, Title 3, Chapter 66. In support hereof, the State would show as follows:

### I.  MOTION FOR LEAVE

1. The State moves this Court for leave to file its Original Petition in the Nature of *Quo Warranto* (attached hereto as "Exhibit A") against Defendant JOLT Initiative, Inc. ("JOLT"). Tex. Civ. Prac. & Rem. Code § 66.001; Tex. Civ. Prac. & Rem. Code § 66.002; Tex. Civ. Prac. & Rem. Code § 66.003; Tex. Gov't Code § 402.023.

2. "In Texas, the attorney general's power and duty to file *quo warranto* proceedings were incorporated into the Texas Constitution." *See Paxton v. FIEL Houston, Inc.*, 2025 Tex. App. LEXIS 7796, *4-5 (Tex. App.—Austin 2025); *see also* Tex. Const. art. IV, § 22.

3. The application for "*quo warranto* must … be pursued governmentally; where it is

Copy from re:SearchTX

available, [Texas Supreme Court] recently reiterated that the writ is exclusive and can only be brought by the attorney general ….." *See Paxton v. Annunciation House, Inc.*, No. 24-0573, 2025 Tex. LEXIS 436, *22 (Tex. 2025).

4. "The Texas Supreme Court recently recognized that this provision gives the attorney general broad constitutional authority to seek charter revocation in the courts through *quo warranto* actions and the discretion to determine whether there is sufficient cause to do so, except in those circumstances where the Legislature requires the attorney general to take *quo warranto* action or, conversely, expressly prohibits the attorney general from taking *quo warranto* action." *See Paxton*, 2025 Tex. App. LEXIS 7796, at *4-5.

5. Generally, the Texas Attorney General is statutorily required to "seek a judicial forfeiture of a private corporation's charter if sufficient cause exists." *See* Tex. Gov't Code § 402.023(a).

6. The Supreme Court of Texas recently clarified that "sufficient cause … refers to [the Attorney General's] discretion under existing law without depending on specific determinations by the legislature, so long as the legislature has not clearly withdrawn a particular kind of action from *quo warranto's* reach." *See Paxton,* No. 24-0573, LEXIS 436, at *35.

7. The determination whether "sufficient cause" exists can be based upon evidence of criminal violations. *Humble Oil & Refining Co. v. Daneil*, 259 S.W.2d 580, 589-90 (Civ. Ct.—App. Tx. 1953); *Chesterfield Fin. Co. v. Wilson*, 328 S.W.2d 479, 482 (Tex. App—Eastland 1959); *Paxton*, No. 24-0573, 2025 Tex. LEXIS 436, at *39.

8. "When deciding a motion for leave to file *quo warranto*, courts apply a sufficiency-

2

Copy from re:SearchTX

of-the-pleadings standard. That is, to determine whether the State has demonstrated … there is 'probable ground' for the requested *quo warranto* action to proceed, the trial court must accept as true the allegations in the State's petition and determine whether the petition states a cause of action for which *quo warranto* is authorized." *See Paxton*, 2025 Tex. App. LEXIS 7796, at *6.

9. JOLT is a domestic nonprofit corporation organized under the laws of the State of Texas and registered to transact business in Texas, which are alleged within the proposed pleading. *See* Exhibit A.

10. The State request this Court to revoke the corporate charter and corporate registration for JOLT on the ground(s) that the nonprofit corporation systemically, knowingly, willfully, deliberately, and recklessly misuses individuals and Volunteer Deputy Registrars ("VDR") to acquire and submit unlawful voter registration applications that violate the Texas Election Code and undermine the State's democratic processes. *See* Exhibit A.

11. The proposed pleading and exhibits annexed thereto are fully incorporated herein by reference.

12. The proposed pleading and exhibits set forth the factual assertions further explaining the nature of JOLT's statutory violations pursuant to the Texas Election Code. *See* Exhibit A.

13. When accepted as true, these allegations are sufficient to establish probable grounds for the State's filing. Exhibit A; *Paxton*, 2025 Tex. App. LEXIS 7796, at *6; Tex. Civ. Prac. & Rem. Code § 66.002(d); *Paxton*, No. 24-0573, 2025 Tex. LEXIS 436, at *49-50 ("The current statute requires only a 'probable ground for the proceeding' to justify filing. Filing the action merely opens the door to the litigation process, which requires probative evidence for the attorney general to

Copy from re:SearchTX

prevail. A motion for leave is therefore not an opportunity to litigate the entire case before it is even filed.").

14. Here, the proposed pleading unquestionably "states a cause of action for … *quo warranto*" pursuant to the Texas Election Code and Texas Civil Practice and Remedies Code. Exhibit A; *Paxton*, 2025 Tex. App. LEXIS 7796, at *6; *Paxton*, No. 24-0573, 2025 Tex. LEXIS 436, at *45-6.

## II.   PRAYER

15. Accordingly, the State requests that this Court grant it leave to file its Original Petition in the Nature of *Quo Warranto* for the reasons stated herein and those set forth in the proposed Petition attached hereto as Exhibit A, declare that such Petition is hereby filed, and for all other relief to which the State may be entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

JOHNATHAN STONE
Chief, Consumer Protection Division
State Bar No. 24071779


*/s/ Ian Bergstrom*
IAN BERGSTROM

4

Copy from re:SearchTX

Assistant Attorney General
State Bar No. 24145952
Office of the Attorney General
Consumer Protection Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone No.: 512-475-3042
Facsimile No.: 512-473-8301

**ATTORNEYS FOR THE STATE OF TEXAS**

5

Copy from re:SearchTX