**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

JOLT INITIATIVE, INC.,

*Plaintiff*,

v.

KEN PAXTON, in his individual and official capacity as Attorney General of Texas,

*Defendant*.

Case No.: 1:25-cv-001808-RP

**PLAINTIFF JOLT INITIATIVE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES FROM DEFENDANT KEN PAXTON**

## I. Attorney General Paxton and His Leadership Team Are Proper Custodians

Defendant unpersuasively argues that Attorney General Paxton and other members of his leadership team are exempt from discovery. Opp'n 9-10, ECF No. 75. He would have this Court believe that the Office of the Attorney General (OAG) conducted a sprawling, highly publicized investigation of Jolt and initiated a lawsuit to revoke its corporate charter without any "involvement" by him or his top deputies. *Id.* at 9. Neither Jolt nor this Court need accept Defendant's say-so that Paxton and his leadership team take such an unusual *laissez faire* approach to OAG's work.

Defendant's arguments to the contrary are distractions. First, Jolt's discovery requests' definition of "Defendant" as encompassing OAG, ECF No. 60-1, at 1, merely reflects the fact that a "claim against a government employee acting in his or her official capacity is the same as a suit brought against the governmental employer itself," *Johnson v. Harris County*, 83 F.4th 941, 946 (5th Cir. 2023). That definition does not excuse OAG's head and the named Defendant (who also is sued in his individual capacity) from participating in discovery. Second, Rule 30(b)(6) of the Federal Rules of Civil Procedure is irrelevant because it governs *depositions* of governmental and corporate entities; it does not empower parties to pick and choose custodians for *written discovery*. Finally, whether Defendant might shield certain communications from discovery based on the First Amendment has no bearing on whether Paxton or his top deputies are proper custodians.[1]

## II. Defendant Must Comply with RFP No. 20 and ROG Nos. 2, 4, and 9-12

In cursorily addressing RFP No. 20 and ROG Nos. 2, 4, and 9-12, Defendant all but admits

[1] Candidate Paxton is distinct from Paxton as an officeholder, so Jolt has issued third-party subpoenas to his state and federal campaign entities. To the extent Defendant has not waived any First Amendment privilege by raising it for the first time in his opposition to the pending motion, Jolt will reserve addressing why the First Amendment does not categorically shield all of a campaign's communications for future briefing once Defendant has raised the privilege in an appropriate context and provided a privilege log.

the insufficiency of his responses to those requests. Jolt stands by its explanation for why for Mr. Bergström's employment records requested in RFP No. 20 are within the scope of discovery, Mot. 4-5, ECF No. 60, to which Defendant offers no meaningful response. That ROG Nos. 2 and 4 "ask for the *specific* date" on which Defendant first proposed withdrawing the RTE and initiating the quo warranto proceeding is no justification for refusing to answer. Opp'n 9. Jolt has conveyed that Defendant must respond "with some significant level of precision" such as an appropriately caveated answer or a narrow date range. ECF No. 60-8, at 2; *see also* Fed. R. Civ. P. 37(a)(4) (prohibiting "evasive" answers). And Defendant cites no case law supporting his conclusory position that he can withhold on privilege grounds the names of the key decisionmakers identified in ROG Nos. 9-12.

## III. Jolt Overcomes Defendant's Assertions of Privilege

**Attorney-Client Privilege and Work-Product Protection.** Defendant attempts to omit fraud from the crime-fraud exception to the attorney-client privilege and work-product protection. Opp'n 3-4. Whereas Jolt premises its invocation of that exception on Defendant's fraudulent investigation and quo warranto proceeding, the plaintiff in *Lewis v. Crochet*, 105 F.4th 272 (5th Cir. 2024), based her invocation on an alleged criminal violation. *Id.* at 282-83 (citing a Louisiana statute barring intentional mishandling of public records). Nothing in *Lewis* purports to make violation of a criminal statute a prerequisite for a fraud-based invocation of the exception. Nor did *In re EEOC*, 207 F. App'x 426 (5th Cir. 2006), construe fraud "very narrowly" for the purposes of the exception. Opp'n 3. The court held that the crime-fraud exception is not so "broad[]" that it permits piercing the attorney-client privilege and work-product protection whenever a party "believes" its opponent's "claims are meritless." *In re EEOC*, 207 F. App'x at 434.[2] Jolt's invocation of the exception is premised

[2] Defendant misleadingly quotes *In re EEOC*'s discussion of "bad faith" in the context of Rule 26(b)(3)'s necessity exception, not the crime-fraud exception. 207 F. App'x at 433-34. The court

on far more than its certitude that Defendant's quo warranto proceeding is meritless. In granting a preliminary injunction, this Court has already recognized Jolt's strong evidence that Defendant pursued his investigation and quo warranto proceeding on a fraudulent basis. ECF No. 44, at 21 (finding that the evidence "strongly suggest[s] that Defendant seeks to revoke [Jolt's] corporate charter" not based on any "credible grounds" but "due to [Jolt's] constitutionally protected political speech"); *id.* at 22 (finding that the evidence "suggests to the Court that Defendant is harassing [Jolt] and fishing for reasons to investigate the organization").[3]

Contrary to Defendant's assertions, Opp'n 4-5, Jolt has limited its invocation of the crime-fraud exception to communications and documents that were "in furtherance" of his fraudulent investigation and quo warranto proceeding and "reasonably related" to the same. *Lewis*, 105 F.4th at 282. Jolt does not seek disclosure of 186 documents identified in Defendant's privilege log for the very reason that they appear unrelated to those matters. *See* Mot. 9-10 & n.4. Because Jolt does not invoke the crime-fraud exception on a "[b]lanket" basis, Opp'n 8, *in camera* review is not necessary. But Jolt does not object if the Court wishes to undertake its own evaluation. *See United States v. Abrego*, 807 F. Supp. 3d 827, 833 (M.D. Tenn. 2025) (finding *in camera* review not "compel[led]" but undertaking it "out of an abundance of caution").

Defendant is also wrong that application of the crime-fraud exception to work product "requires an additional showing of specific intent to use the work product materials in furtherance of

found no substantial need because "a bad faith finding is not required for an award of attorneys' fees," the issue at stake in that appeal. *Id.* at 433. In contrast, Defendant's bad faith is at this case's core.

[3] Even if a violation of a criminal statute were a prerequisite for the crime-fraud exception, this Court's holding that Jolt is likely to succeed on the merits of its First Amendment retaliation and Voting Rights Act claims establishes prima facie evidence of violations of 18 U.S.C. §§ 241 and 242. *See Horizon Hope Ministry v. Clark County*, 115 F.R.D. 1, 5-6 (S.D. Ohio 1986) (compelling production of attorney-client communications and work product based on "a prima facie case that the communications and documents . . . were produced in furtherance of a conspiracy to deprive Plaintiffs of their civil rights").

the alleged crime or fraud." Opp'n 6. The case that Defendant cites for this proposition uses the term "specific intent" as shorthand for the crime-fraud exception's "furtherance" and "reasonable relation" elements. *See In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1243 (5th Cir. 1982). It does not purport to apply a heightened standard for invocation of the exception in the context of work product as compared with attorney-client communications.

**Deliberative Process Privilege.** Defendant faults Jolt for not discussing the factors that courts weigh when determining whether the deliberative process privilege should yield. Opp'n 5-6. Yet he fails to address the cases holding that the privilege "does *not* apply," where, as here, "a cause of action is directed at the government's intent." Mot. 8 (quoting *Ensco Offshore Co. v. Salazar*, Civil Action No. 10-1941, 2010 WL 11538697, at *5 (E.D. La. Sept. 16, 2010)). Regardless, the balancing test yields the same result. The six documents over which Defendant invokes the privilege are draft or final memoranda used to "determin[e] whether to initiate investigation of Jolt." DOC000022–27, ECF No. 60-4. Such memos are likely to provide key evidence of Defendant's intent in targeting Jolt that is not available from other, non-privileged sources. The government is a party to the litigation. Disclosure is unlikely to meaningfully chill OAG enforcement activity, as "[c]ivil rights lawsuits are few and far between," and "the possibility of disclosure to civil rights plaintiffs is probably not of great import" to OAG officials at the time that they recommend an investigation. *King v. Conde*, 121 F.R.D. 180, 192 (E.D.N.Y. 1988). This lawsuit contains serious allegations that Defendant has abused his office to target a perceived political opponent in violation of federal law, a topic about which both Jolt and the public at large have a strong interest in fulsome factfinding.

**Law Enforcement Privilege.** As with the deliberative process privilege, Defendant faults Jolt for not addressing each factor in a balancing test for determining when the law enforcement privilege must yield. Opp'n 7-8. But Defendant ignores the Fifth Circuit's holding that "the privilege lapses

either at the close of an investigation or at a reasonable time thereafter." *In re DHS*, 459 F.3d 565, 571 (5th Cir. 2006). The documents and things at issue were part of the Law Enforcement Division investigation that concluded more than two years ago. *See* ECF No. 60-11. Defendant also ignores the Fifth Circuit's holding that the privilege "probably" does not apply to investigations concerning "people who may have violated only civil provisions," *In re DHS*, 459 F.3d at 571, and he does not dispute Jolt's observation that the Law Enforcement Division's investigation "did not focus on any specified criminal violation," Mot. 7.

Regardless, the balancing test yields the same result. As explained, "the information sought is 'importan[t] . . . to plaintiff's case' and is not 'available through other discovery or from other sources.'" Mot. 7 (quoting *In re DHS*, 459 F.3d at 570). Defendant fails to substantiate his claim that disclosure would chill OAG investigations. In any event, the parties have agreed to adopt a protective order that would mitigate any such risk. Defendant does not explain how disclosure would "forc[e]" OAG "to curtail investigations in favor of immediately filing suit." Opp'n 8. The privilege applies to "ongoing criminal investigation[s]." *In re DHS*, 459 F.3d at 569 (internal quotation marks omitted). Requiring disclosure of documents associated with closed investigations like this one will not force OAG to prematurely conclude ongoing ones. And as Defendant concedes, "Jolt is not a defendant in a criminal proceeding," Opp'n 8, which favors disclosure, *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, Civil Action No. H-09-3712, 2010 WL 11661412, at *3 (S.D. Tex. July 1, 2010).[4]

## CONCLUSION

For all the foregoing reasons, this Court should grant Jolt's motion to compel.

[4] Defendant for the first time cites a provision of Texas's open-records law as an additional reason to avoid disclosure. Opp'n 8; *see also* Tex. Gov't Code § 552.108. But that law, "[b]y its own terms . . . has no effect on civil discovery." *Navarro v. Gomez*, No. SA-24-CV-968, 2024 WL 4795682, at *3 (W.D. Tex. Nov. 13, 2024) (internal quotation marks omitted).

Respectfully submitted this October 16, 2026,

Mimi Marziani
Texas Bar No. 24091906
mmarziani@msgpllc.com
Joaquin Gonzalez
Texas Bar No. 24109935
jgonzalez@msgpllc.com
MARZIANI, STEVENS &
GONZALEZ PLLC

500 W. 2nd Street
Suite 1900
Austin, TX 78701
Phone: (210) 343-5604

*/s/ Jonathan L. Backer*
Jonathan L. Backer*
Daniel J. Lenerz*
Mary B. McCord*
William Powell*
INSTITUTE FOR CONSTITUTIONAL ADVOCACY
& PROTECTION
Georgetown University Law Center
600 New Jersey Ave., N.W.
Washington, D.C. 20001
Phone: (202) 661-6671
jb2845@georgetown.edu
dl1377@georgetowne.edu
mbm7@georgetown.edu
whp25@georgetown.edu

**Admitted pro hac vice*

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 16, 2026, I electronically filed the foregoing with the Clerk of the Court and served a copy upon all counsel of record registered to receive notice via the Court's CM/ECF system.

*/s/ Jonathan L. Backer*
Jonathan L. Backer